STEAMER SENORITA, Plaintiff in Error, *v.* MONTRAVILLE SI-
MONDS, ISAAC A. DAVENPORT and NELSON NORTHRUP, De-
fendants in Error.

### *Error to Multnomah.*

1. Where the material allegations in a pleading are within the personal know-
ledge of an agent, he may verify the pleading, without showing whether the
real party is within the county or not.
2. To take advantage of the statutes of limitation, it must be pleaded, and can-
not otherwise be taken advantage of upon error.

*W. W. Page*, for plaintiff in error.

BOISE, J.   This case is brought on the statute of this State,
relating to liens on boats and vessels, and is to enforce a lien
for wharfage.

The complaint plainly sets out the nature of the plaintiff's
claim, and we do not see any force in the first ground of error
assigned, "that the complaint does not show enough to warrant
the court in taking jurisdiction and giving judgment."

The second ground of error alleged is, that the complaint
was not properly verified.

The verification is as follows :  " Z. N. Stansbury, being
first duly sworn, says, that the foregoing complaint is true of
his own knowledge ; that all the facts therein alleged he has
a personal knowledge of; that he has been and was the agent
of said wharf-boat company, and had the management of said
business during the time said indebtedness was incurred.
(Signed,) Z. N. Stansbury ;" and the same was sworn to before
James W. Davis, clerk of the District Court.   To this veri-
fication two objections are taken :  1st. That it should appear
by the affidavit that the plaintiffs in the court below were
absent from the county in which the suit was brought, at the
time of making the affidavit, because it is alleged that if
either of the plaintiffs were in the county at the time, then

Steamer Senorita *v.* Simonds.

the statute requires that the verification should have been made by a party, and not by an agent. And section 54, page 91, of the statute, is referred to in support of this proposition. The second clause of this section of the statute provides, that the verification shall be made by a party, if he be within the county in which the action is brought, *unless* the action or defence be founded upon a written instrument for the payment of money only, and such instrument be in the possession of the agent; or, if all the material allegations of the pleadings be within the personal knowledge of the agent, in which case the affidavit may also be made by such agent.

If this clause of the section be construed as standing by itself, and unqualified, then there can be no question but that the verification is good. It is, however, contended by the plaintiff in error, that the third clause of the section qualifies this second clause, and renders it necessary in all cases to allege in the verification that the party is out of the county. But we are of the opinion, that it was the intention of the legislature to provide for another class of cases, in this third clause of the section ; and that these separate clauses of the section may be construed separately.

Secondly, it is contended that it does not appear that Stansbury was the agent of the plaintiff in the court below. It is a sufficient reply to this, that he acted as agent in making the affidavit, and is recognised as such by those for whom he then acted ; that he transacted the identical business out of which the alleged indebtedness grew, and now brings a suit to close that business. We think, therefore, that from what does appear on the face of the affidavit, his agency is sufficiently manifest.

There is another ground of error assigned, that the court erred in giving judgment for a part of the claim which had accrued more than one year before this suit was prosecuted. This objection, if it could be taken advantage of at all, should have been pleaded, as it is in the nature of a plea of the statute of limitations, and cannot be taken advantage of on error.

Judgment is affirmed.