### WEST v. HOME INS. CO. and another.

*(Circuit Court, D. Oregon. December 12, 1883.)*

1. **VERIFICATION OF ANSWER BY FOREIGN INSURANCE COMPANY.**
   A foreign insurance company that has appointed an agent here upon whom process may be served for it, as provided in sections 7 and 8 of the foreign corporation act, (Or. Laws, 617,) is not absent from the state, so that any agent or attorney thereof may verify its answer to a complaint; but such answer must be verified by the agent appointed under the statute to stand for the corporation, or by some other agent or attorney who has personal knowledge of the facts involved in the allegations therein.

2. **VERIFICATION BY AN AGENT HAVING KNOWLEDGE OF THE FACTS.**
   Where an agent verifies an answer on the ground that the allegations thereof are within his personal knowledge, for the purpose of this verification, the allegations in the answer are to be taken as part of his statement, and it must appear therefrom that the truth or falsity of such allegations are within his personal knowledge.

3. **SAME.**
   Where an answer controverts sundry allegations in the complaint by simply denying any knowledge or information thereof sufficient to form a belief, and such answer is verified by an agent of the defendant, who states in the verification that the facts contained in the answer are within his knowledge, it does not appear that such agent was authorized to verify the same because of his personal knowledge of the material allegations therein, but the contrary.

4. **PERSONAL KNOWLEDGE OF AN ALLEGATION.**
   Personal knowledge of an allegation in an answer, within the purview of section 79, is a personal knowledge of its truth or falsity; and if the allegation is a negative one, this necessarily includes a knowledge of the truth or falsity of the allegation denied.

Action to Recover Insurance.

*Julius Moreland,* for plaintiff.

*Ellis G. Hughes,* for defendants.

DEADY, J. This action is brought by the plaintiff to recover from the defendants the sum of $3,000, the loss sustained by the burning of a store and stock of goods therein at Westport, Oregon, on December 25, 1882, and while the same were jointly insured for that sum by the defendants. The action was commenced in the state circuit court for this county on June 28, 1883. On August 9th the cause was removed here by the defendants,—they being citizens of New York and Connecticut, respectively, and the plaintiff, of Oregon. On October 20th the defendants answered the complaint, and the plaintiff moves to strike out the same for want of a proper verification. It appears from the complaint that in 1874 John West, David West, the plaintiff, and C. A. McGuire were partners in business at Westport under the firm name of John West & Co., and that they continued so until 1878, when the business passed into the hands of John West, and was by him carried on under the old firm name until 1881, when he disposed of it to the plaintiff, who continued it on his account until December 25, 1882. During this time Allen & Lewis, of Portland, were the agents of John West & Co. and the plaintiff, and annually procured insurance on their store and merchandise at

Westport from the defendants, by ordering a renewal of the policy in a given sum and paying the premium therefor, and that on January 25, 1882, he directed a renewal of such policy in the name of John West & Co., in the sum of $500 on the store and $2,500 on the merchandise, and on December 25th thereafter the property was destroyed by fire; and that the store was then, and had been, owned by John West, and the merchandise by the plaintiff, and on May 9th the former assigned his interest in the policy to the plaintiff. It also appears from the complaint that the defendants, being foreign corporations, have each duly appointed Mr. Henry Failing their agent and attorney, upon whom service of summons may be made in this county, as provided and required in such cases by sections 7 and 8 of the foreign corporation act. Or. Laws, 617.

The answer is verified by E. Oldendorf, the local agent of the defendants at Portland, who states therein that he makes the affidavit because he "knows the facts" contained in the answer of his "own knowledge;" and that none of the "officers" of the defendants are within the state. The answer contains several defenses to the action, called therein "separate and further answers and defenses," in which the facts alleged are stated unqualifiedly. Besides these, the answer contains denials of any knowledge or information sufficient to form a belief as to whether the firm of John West & Co. was constituted as alleged, or the plaintiff purchased the business and carried it on, and the last insurance procured in the firm name was procured and paid for by him, or the store was owned by John West and the merchandise by the plaintiff, or the same was destroyed by fire, or the plaintiff damaged thereby, or John West assigned his interest in the policy to the plaintiff as alleged; and adds thereunto, "and therefore they deny the same."

Section 79 of the Code of Civil Procedure requires that an answer shall be verified by the party, his agent or attorney, to the effect that he "believes it to be true." The verification must be made by the affidavit of the party; but if he is absent or incapable of making it, his agent or attorney may make it; and such agent or attorney may make it in any case, "if all the material allegations" of the answer are within his "personal knowledge." In the case of a corporation, the verification may be made "by any officer thereof" upon whom service of a summons might be made. For the purpose of this question I do not think the defendants can be regarded as absent from the state. They are here by their agent or attorney, appointed under the act to stand for and represent them in the courts in all proceedings therein against them. Without this statute agent they cannot exist here, and with or by means of him they are, for the purpose of this litigation, within this jurisdiction. As he is the only officer or agent upon whom service can be made for the defendants in this state, it follows that he is the only one who can verify their answer, unless it be an agent to whom all the material allegations are known.

An answer may be verified by such an agent in any case. But the agent who makes this verification does not appear to have this knowledge.

The answer denies that the defendants have any knowledge or information sufficient to form a belief of most of the allegations of the complaint; some of which are certainly material, and all of them are presumably so, or they would not have been denied. The agent states, in his verification, in effect, that he has personal knowledge of the "facts contained in the answer," but he does not say that all the material allegations therein are within his personal knowledge. Of course the affiant may know that he does not know whether the allegations thus denied are true or not. Beyond this his knowledge is not shown to extend. And if this is sufficient to enable an agent to verify an answer in place of the party, it will never be difficult to find, and often convenient to have one who can deny the allegations of an adversary's pleading on the ground of ignorance of the subject-matter, and thereby put him to the labor and expense of proving what would otherwise be admitted. Strictly speaking, the answer is the allegation of the defendants, and the verification is the affidavit of the agent making it. But in effect, and for the purpose of verification, I think the answer must be considered as the allegation of the agent; and it must appear therefrom that the material allegations of the latter are within his personal knowledge. Now an allegation within the personal knowledge of the party making it is one whereof he knows the truth or falsity; and if this allegation is a negative one, it is necessarily implied that he knows the truth or falsity of the allegation denied. For instance: if the answer to the allegation of the plaintiff concerning the destruction by fire of the insured property, and his loss thereby, contains merely a denial of any knowledge or information thereof sufficient to form a belief, and the agent who verifies it says the facts contained in the answer are within his personal knowledge, this, taken together, is in effect an admission that the agent has no knowledge of the subject of the allegation or the facts involved in it, and therefore is not qualified to make the verification. On the other hand, if the averment in the verification as to the agent's knowledge is considered sufficient to authorize him to verify the answer, then the answer is so far manifestly false and sham, because the averment therein is that he has no knowledge or information on the subject.

Giving section 79 a practical construction, so as to secure the end for which it was enacted, to prevent parties from putting in issue and contesting facts which *they* cannot affirm or deny on oath, I think that when a defendant seeks to have his answer verified by the oath of a third person on the ground that the matter is within the personal knowledge of the latter, there can be no traverse of an allegation in the complaint by a mere denial of any knowledge or information thereof. In the nature of things that form of denial must be

allowed where the answer is verified by the party. He has no choice, and can only admit or deny directly so far as his knowledge or belief extends; but when an agent volunteers or is selected to verify an answer on the ground of his knowledge of the facts, it must appear from the answer as verified that he has such knowledge. But if the answer merely denies any knowledge or information of the allegation sought to be controverted, and the verification only states that the facts contained in the answer are within the agent's knowledge, this amounts to an admission that he has no knowledge of the matter, and therefore is not qualified to make the affidavit. The party, himself could, in any case, answer that far, and it may be further.

The motion to strike out is allowed; and, if asked, it would have been allowed on the further ground that it was filed by the clerk contrary to rule 5 of this court, in this: that it contains both "erasures" and "interlineations."