## DEGREE v. ORSON.

(First Division.  Juneau.  October 9, 1920.)

No. 1992–A.

**1. Pleading ☞302—Verification by Agent.**

A pleading may be verified by the oath of an agent or attorney where the verification states that the facts in the pleading are within the knowledge of the agent or attorney, without further stating that the principal is absent from the territory.

**2. Pleading ☞302—Verification by Agent.**

The verification of a pleading must show the affiant to have knowledge of the facts stated in the pleading, and a verification which alleges that "I make this verification because the facts therein are within my own knowledge," has reference to the facts stated in the verification and not in the pleading and is insufficient.

J. H. Cobb, of Juneau, for plaintiff.

H. B. Le Fevre, of Juneau, for defendant.

JENNINGS, District Judge.  Defendant has moved that the complaint in this case be stricken on the ground that it is not properly verified.  The only objection pointed out is that the verification is made by an agent, and there is no statement in said verification that the plaintiff is absent from the territory.  The complaint is not founded on a written instrument.

The verification reads as follows:

"Tom Mauzay, being first duly sworn, on oath deposes and says: I am the agent of the plaintiff Salina Degree.  I have heard read the above and foregoing complaint, and the same is true as I verily believe.  I make this verification because the facts therein alleged are within my own knowledge."

Counsel for the defendant contends that an agent is not authorized to make a verification unless his principal is absent from the territory, or unless the action is founded upon a written instrument, but that contention cannot be sustained.  The words, "if all the material allegations of the pleading be within the personal knowledge of the agent," which occur in the paragraph of our Code concerning the verification of a complaint, have been specifically construed

by the Supreme Court of Oregon in the case of Steamer Senorita v. Montraville Simonds et al., 1 Or. 275. In that case the court says:

"But we are of the opinion that it was the intention of the Legislature to provide for another class of cases, in this third clause of the section, and that these separate clauses of the section may be construed separately."

In the case of West v. Home Ins. Co. (C. C.) 18 Fed. 623, Judge Deady said:

"And such agent or attorney may make it [verification] in any case, 'if all the material allegations' of the answer are within his 'personal knowledge.'"

The motion to strike, therefore, cannot be sustained on the ground alleged.

The verification, however, needs amending in this particular, to wit: Said verification states: "I make this verification because the facts therein alleged are within my own knowledge." What facts are within his own knowledge? The answer is, the facts alleged in the verification. The statement of such knowledge is not a compliance with the statute. The statute requires that the person making the verification must have knowledge of the facts stated in the pleading, not in the verification.

The motion to strike the complaint, therefore, will be granted, unless the plaintiff amends the verification by stating that the facts stated in the pleading are within his own knowledge.

⬅See same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes